# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE LATELLE, JR., | )<br>) |
|        Plaintiff, | )   Case No. 2:11-cv-00591-LDG-CWH<br>) |
| vs. | )   **ORDER**<br>) |
| AUTOZONERS, LLC, *et al.*, | )<br>) |
|        Defendants. | )<br>) |

      This matter is before the Court on Plaintiff George J. Latelle, Jr.'s Countermotion to Stay Action (#57), filed October 12, 2011; Defendants' Response (#66), filed October 25, 2011; Interested Party Yvette Weinstein's Opposition (#70), filed October 25, 2011; and the parties' Joint Motion to Extend Discovery by 90 Days (#67), filed October 25, 2011.

      In cursory fashion, Plaintiff requests that the Court stay this matter in its entirety until the Bankruptcy Court rules on several of Plaintiff's claimed exemptions in its bankruptcy filing. *See* Pl.'s Mot. (#57). Defendants Autozoners, LLC and Amy Nagle agree that discovery should be stayed but object to any stay that would affect a ruling on the pending summary judgment in this matter. Defendants along with interested party Yvette Weinsten have also filed a joint motion to extend discovery by 90 days "so that they do not have to undertake discovery until after this Court rules on the pending summary judgment motion." *See* Joint Mot. (#67) at ¶ 4.

      Magistrate Judge Leen previously granted Defendant Autozoners, LLC's protective order (#29) requesting that it not be required to respond to multiple written discovery requests propounded by Plaintiff George Latelle until 14 days after resolution of the pending summary judgment. *See* Order (#42). Judge Leen specifically noted that Judge George, the assigned district judge in this case, had previously granted summary judgment to an employer on the ground of judicial estoppel in virtually identical circumstances. *Id*. This protective order remains in effect.

Nevertheless, it appears that, although the parties agree that the stay is appropriate, they disagree on its actual scope or whether its scope should be expanded. Plaintiff requests that the entire action, including any decision on the pending summary judgment, be stayed until the Bankruptcy Court rules on certain exemption issues currently pending before it. Defendants request that **all** discovery be stayed until after a ruling on the pending summary judgment, but oppose any stay that would preclude a decision on the pending summary judgment. After review, the Court finds that Plaintiff has not made the type of showing necessary to warrant a stay of this matter in its entirety. However, to the extent it is not clear from the prior protective order (#29), the Court finds that there is good cause to stay all discovery in this matter until a ruling on the pending summary judgment (#27) is entered. As a result of this stay, the parties request for an extension of discovery deadlines is moot.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff George J. Latelle, Jr.'s Countermotion to Stay Action (#57) is **granted in part and denied in part**. All discovery in this matter is stayed until a ruling on the pending summary judgment is entered.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Extend Discovery by 90 Days (#67) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within five (5) days after a decision on the pending summary judgment is entered identifying what discovery, if any, remains.

DATED this 2nd day of November, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2