UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE J. LATELLE, JR., | |
| Plaintiff, | Case No. 2:11-cv-00591-LDG (CWH) |
| v. | **ORDER** |
| AUTOZONERS LLC, *et al.*, | |
| Defendants. | |

The plaintiff, George J. Latelle, Jr., filed this action in April 2011. He alleges that the defendants, Autozoners LLC and Amy Nagle (one of Autozoners's store managers), discharged him from his employment with Autozoners on April 26, 2010, in retaliation for using Family and Medical Leave Act (FMLA) leave. He further alleges that the defendants interfered with his FMLA rights.

Presently before the Court are various motions with a common theme: the impact of Latelle's bankruptcy, which he filed on April 27, 2010 (the day after his discharge), on the claims raised in this complaint. The defendants have moved for leave to file an amended answer (#30) to add the defense, among others, that Latelle is judicially estopped from bringing his claims. In addition, the defendants move for summary judgment (#27), arguing

that Latelle is judicially estopped from advancing his claims because he failed to disclose his present claims as an asset or potential asset to the bankruptcy court. Latelle has opposed the motion on the merits and further moved to defer or deny the motion pursuant to Federal Rule of Civil Procedure 56(d) (#35) pending his own deposition regarding what he personally knew about potential claims against the defendants during the pendency of his bankruptcy. Latelle has separately requested a hearing on his Rule 56(d) motion (#38). The defendants have filed an unopposed motion (#49) to amend their summary judgment motion to add additional evidence.

Finally, Yvette Weinstein, the Chapter 7 Panel Trustee in Latelle's bankruptcy, after being informed by the defendants of Latelle's present action, has moved to be substituted as the real party in interest (#54). The Trustee has also filed a response (#59) to defendant's motion for summary judgment, concurring that Latelle is judicially estopped from maintaining his claims but arguing that she is not estopped.

<u>Substitution of Trustee as Real Party in Interest</u>

As noted, the Trustee has filed a motion to be substituted as the real party in interest. She notes that she was appointed Panel Trustee of Latelle's Chapter 7 bankruptcy on April 27, 2010. She further notes that Latelle did not list any pending cases or contingent claims on Schedule B of his voluntary petition. She determined, on June 6, 2010, that the bankruptcy was a no asset case. On July 23, 2010, Chase Bank filed an adversary proceeding against Latelle. Latelle is represented in both that adversary proceeding and the present action by Michael Gebhart. The bankruptcy case was closed on September 28, 2010. As previously indicated, Gebhart filed the present action for Latelle on April 18, 2011.

On August 22, 2011, the Trustee received correspondence from the defendants informing her of the present case. The U.S. Trustee re-opened Latelle's bankruptcy based

2

upon the information received from the defendants and, on September 22, 2011, again appointed the Trustee as Trustee of Latelle's bankruptcy.

As noted by the Trustee, pursuant to 11 U.S.C. §541, all property of a debtor is property of a bankruptcy estate. As alleged by Latelle in his complaint, his present claims arose pre-petition. Thus, Latelle's interest in this case has been transferred to the bankruptcy estate and the Trustee, in her capacity as Trustee of Latelle's bankruptcy, has become the real party in interest.

In response, Latelle concedes that the Trustee is the real party in interest. He argues, however, that rather than grant the Trustee's motion, the Court should simply stay the present action pending a determination by the Bankruptcy Court on exemptions he has now claimed on an amended Schedule C that he has filed in his re-opened bankruptcy. He urges that the granting of the stay will avoid unnecessary expense should the Bankruptcy Court grant his exemptions, which would result in the Trustee having no legal interest in the present lawsuit, and would further require the Court to undo any prosecution of the claims by the Trustee subsequent to the substitution.

The defendants, in their response, also agree that the Trustee is the real party in interest and do not object to her substitution. They further urge that all of Latelle's pending motions should be denied as he has never been the proper plaintiff in this action.

Given that all parties concur that the Trustee is the real party in interest, the Court will grant the Trustee's motion to be substituted as the real party in interest, and will order that the caption be amended to reflect the substitution.

<u>Remaining Motions</u>

The remaining motions were filed prior to the substitution of the Trustee as the real party in interest, and as such were briefed and argued as if Latelle was a proper plaintiff. As Latelle's asserted claims accrued pre-petition, and as the Trustee has been substituted as the real party in interest, the Court will deny all motions filed by Latelle, and will further

deny without prejudice defendants' motions resting upon Latelle's failure to disclose his present claims in his bankruptcy.

Therefore, for good cause shown,

THE COURT **ORDERS** that the Motion for Substitution as Real Party in Interest (#54) filed by Yvette Weinstein, Trustee of the George J. Latelle, Jr. Bankruptcy Estate, is GRANTED.

THE COURT FURTHER **ORDERS** that the caption of the present matter be amended from "George J. Latelle, Jr." as plaintiff to "Yvette Weinstein, Trustee of the George J. Latelle, Jr. Bankruptcy Estate" as plaintiff.

THE COURT FURTHER **ORDERS** that all pending motions filed by George J. Latelle, Jr. (## 33, 35, 38) are DENIED.

THE COURT FURTHER **ORDERS** that all pending motions filed by defendants Autozoners LLC and Amy Nagle (## 27, 30, 49), directed toward whether George J. Latelle, Jr. could maintain the claims asserted in this matter, are DENIED without prejudice.

DATED this 27 day of March, 2012.

_____
Lloyd D. George
United States District Judge

4